May it please the Court, my name is Christopher Oram, I'm the attorney for Mr. Sakers. I would ask, I'm going to ask for three minutes for rebuttal, I'll stop after. Okay, please watch the clock. In this case, Mr. Sakers was denied, he was found to have obstructed justice and not, he was not given points for acceptance or responsibility. Pursuant to the Hopper decision, which this Court decided in 1994, this is an extraordinary case and he should be given acceptance and responsibility, here is why. In this case, Mr. Sakers entered a plea of guilty without a guilty plea. Before sentencing, his co-defendant went to trial and the government forced Mr. Sakers, gave him immunity, and forced him to present testimony. During his trial testimony, he fully admitted his responsibility. In fact, the only thing I recall him ever disputing was he said, I didn't zip-tie both of the victims, I only zip-tied one of the victims. He identifies himself on video, but he refuses at any time to identify the co-defendant. Every time that is asked of him on the witness stand, he said, I'm not going to implicate he says implement anybody, which is implicate anybody else. In doing so, he had previously told the Court that he was very worried that he would be labeled a snitch and he would be harmed, physically harmed in prison. He was scared of retaliation, but he wanted to accept responsibility. At sentencing, he did the same thing. He said, I'm guilty. I did all of those things. There I am on video. There I am with a gun. There I am in the FedEx uniform. I did this. I was drunk. I'm very sorry. He turned to the victim's family and apologized profusely. So Harper was somewhat different, right? In Hopper, he started out not accepting responsibility, then had a change of heart. Whereas here, Mr. Sakers, Mr. Sakers maintained his position, I'm not going to testify, even in the face of a court order. So how does that – how do we get around that? Well, he does testify. He just won't implicate the co-defendant. He does testify. He testifies, but not what is required by the court and by the grant of immunity. And so he never changes that, his position on that. He doesn't waive it. You are correct, Your Honor. And so that deals with the obstruction portion. But does that preclude this from being an extraordinary case where he doesn't – shouldn't receive acceptance or responsibility? He bent over backwards to accept responsibility. So I would think that it's completely different because the government relies upon a CUNA where the co-defendant got up on the witness stand and he did something different. He agreed to testify, and then he minimizes his own role and then tries to acquit the co-defendants. That's different than here. And it is an extraordinary case where a defendant is truly saying, I didn't agree to testify. Now I'm going to get hurt in prison. I'm going to be retaliated against. So I'm not going to do that portion of it. But how does that not satisfy the extraordinary part of his acceptance of responsibility? Does it matter whether he has a justification or a proposed justification for why he's not going to testify as requested? I mean, you mentioned that he was worried about being harmed in prison. Is that something that the district court must take into account? And the fact that he didn't would make it clear error? I think it makes it an extraordinary case. And therefore clear error. I would argue so. I would argue that he's different than a person who's just trying to help the co-defendant. Here, what he's trying to do is save his own skin. He's saying, he said it before he was ordered to testify. I'm not going to do this. I'll get hurt. I'm going to get hurt. And as the court may recall from the facts, I don't want to go too far into the facts. He really was somebody brought in by the co-defendant to just sort of be a heavy and come in and help out. But I guess my question is the fact that he seems to have this justification. Is that what makes this clear error? Or is it always clear error when you refuse to do, if you, under your position, if you accept your own responsibility, but refuse to testify against your co-defendant? I think it's case by case. And that's why I wouldn't make a blanket rule. I think this was a very unique situation where the co-defendant was articulating exactly what it was. And that's what I thought was the error on obstruction. He's making it very clear that I'm fearful of that. But you're not challenging the obstruction enhancement on appeal. You're just saying that he should have gotten the reduction for acceptance of responsibility. I did initially challenge the obstruction. But I recognize that I am on weaker ground on that than I am on the extraordinary part of the acceptance of responsibility. And so that's what I think is really extraordinary. It's the very unique position that Mr. Sakers found himself in. I don't know. Can I ask, I think your argument, you've articulated it well. The Hobbs Act robbery claim, tell me why, well, I guess it's why Section 924C3 is not a crime of violence. It seems to me that the Supreme Court's already addressed this question effectively in the Stokelyn case just recently. And I would argue that this is already, the residual clause is already being put to bed by both DiMaia and Johnson. I think that that is already being used. Kagan. Well, we're looking at the Elements Clause, and that was what everyone was arguing. And the Elements Clause, it permits a person to be found responsible even with de minimis or reckless use of force. And what I one example that I thought that I think is perfect is when I see in DiMaia the Court addressing different types of robbery, one thing that I think is very interesting, every one of us has probably experienced this, that we go to the bank, I ask to withdraw $1,000. They don't, the teller doesn't have $1,000, so she goes and produces $5,100 to put into her till. I see it, I reach under, I grab it, thinking this is my chance, I grab it. As I do, she grabs my hand, but I'm stronger than her, and I pull away and rush away. Under that, is it crime of violence under the Elements Clause? It's de minimis, it's reckless. So, Stokeling's is that a common law robbery, which uses force sufficient to overcome resistance, constitutes a crime of violence. That's the Stokeling ruling. So, in your hypothetical, wouldn't the violence that you used to overcome the teller's resistance make a common law robbery a crime of violence under Stokeling? I mean, we're not free to make up our own rules. We have to follow what the Supreme Court has told us. Yes, I would agree, but I think that under the way the law is now written, that you can be reckless, even as I look back at this. Okay. So that's a different argument, as you're talking about mens rea. But I didn't think that worked. The district court actually cited this case called Dubot, which says that the mens rea for Hobbs Act violation is willful. Acting knowingly or willfully. Why aren't we bound by Dubot? Because I would argue that under the circumstances, there's going to be differences in how district courts decide individual cases. There's going to be — there will not be consistent. But that's the mens rea for a Hobbs Act violation. That's what we're bound by. So that's not reckless or negligent, and query how you have a reckless or negligent robbery in any event. Well, I think it — unless I'm misunderstanding the question, I think under the elements clause, you could find recklessness or — and this court previously in its history found crimes that were not even intentional, where a bank robber had a potential gun and people felt intimidated. And so that's going to be considered under the elements clause. Counsel, Judge Gould, if I can interject one question for you. Do you have a particular case where our court has said that somebody could obstruct justice and get extra points for that, but also accept responsibility and get a reduction for that? I understand you think you can accept responsibility here. But did the case you're relying on also involve obstruction? I'm sorry, what was the last statement you said, Your Honor? Did the case that you're relying on also involve obstruction? Yes. I believe it's Hopper where the defendant burned evidence and tried to purchase false alibis. And he was found to have obstructed, but later confessed to authorities, and the court found acceptance of responsibility. And so that's what I think — I mean, I recognize it's not exactly analogous, but there's a case where the court has found acceptance of responsibility, yet the defendant had obstructed justice. You have a few seconds left. Do you want to save them? I do. Thank you. May it please the Court, Bill Reed for the United States. By refusing to testify at a co-conspirator's trial after a grant of immunity, in this case, obstructed justice. Under binding Ninth Circuit precedent, when a defendant refuses to testify at a co-conspirator's trial with a grant of immunity, and after being so ordered by district court, that constitutes willful obstruction of justice. The district court here had clear statutory authority to compel Mr. Sackers' immunized testimony. The court also warned Mr. Sackers of the consequences if he refused to testify and the court's order, and Mr. Sackers unequivocally told the court that he fully understood what those consequences were. Mr. Sackers also was — Did the district court specifically tell him if you don't answer the questions, you're going to get a — you're not going to be entitled to a two-point reduction for acceptance of responsibility? Thank you, Your Honor. I don't believe the court was that specific, but the court was — itself was unequivocal when it told Mr. Sackers that you're — I'm paraphrasing — look, you're looking at enhanced punishment here. You're looking for — at additional time, additional points under the guidelines. Well, and he seemed to get that with the obstruction of justice claim — or obstruction of justice enhancement, and not that — as I understand it, that hasn't been taken off the table, but I think counsel has recognized that the arguments are a little weaker. I'd like to — what more was expected of him, or how do we decide this case? Do we say there's a — he seemed to accept everything. Is there something that the government — is the government's position that he didn't accept his responsibility in some way here? Yes, Your Honor. That is the government's position. He did not accept a responsibility because in order to accept a responsibility where you've obstructed justice under the guidelines and under this court's precedent, first of all, a defendant is not entitled to acceptance of responsibility. It's a defendant's burden, and even in the ordinary case where you don't have this type of scenario, to establish that he or she is entitled to acceptance of responsibility. But both the guidelines and this court's precedent recognize that when a defendant obstructs justice in the ordinary case, that they are not entitled — they're never entitled — that acceptance does not — is not allowed where they have been. Well, I think that's a bit of an overstatement. You're right. There seems to be a high prejudice or presumption against it. But as counsels argued, there's an exception for extraordinary circumstances. And so I guess part of my fundamental question is, when we're deciding this, do we just say this wasn't extraordinary circumstances? Do we say it's never extraordinary circumstances when you refuse a court order? Is that the rule? What is it that you expected him to do as to his personal responsibility that gives us the hook to tie that in? If I could answer that, Your Honor, in two different ways. First, in this case, I don't think the court has to go that far and make a bright-line rule with respect to does a defendant ever get acceptance of responsibility with an extraordinary case. In this situation, I think my adversary just said a few minutes ago this was a unique case, and I would submit that that lends itself even more to the abuse of discretion, or the clear error standard, that is, that applies to the district court's discretion, the abundance of discretion that the guidelines describe, that applies to a unique situation here. The district court had the opportunity to sit throughout. This was a jury trial. It wasn't just a guilty plea and a sentencing. A jury trial of a co-conspirator in the district court made findings and noted that Mr. Sakers was essentially polite, but that he did not help, I think the district court said he didn't help the criminal justice system much, and the district court made an assessment that he was not entitled to acceptance of responsibility, and under a clear error standard, this court must have a clear or a firm and definite conviction that a mistake was made, and I would submit that in this situation, this unique situation, as my adversaries described it, and I concur, the district court's discretion is what's paramount here. What's the effect of Mr. Sakers' claim that he's fearful of retribution in prison and in fear of his life, and from what we've been told by the Department of Justice and Bureau of Prisons, this is a legitimate fear. We've been told that cooperators are at risk and that we need to conceal their names, and so it appears that he had a legitimate fear of retribution in prison. How do we take that into account? Your Honor, I would submit that that's not something that can just be, I'm not dismissing that. I'm not in any way minimizing that. That certainly, though, is a, anyone that is incarcerated for all types of reasons, there are perhaps reasons that they may have to be fearful of various things. However, the Bureau of Prisons and the courts have mechanisms in place to try to obviate as best they can the exposure to violence, harm, or retaliation. There is no exception, though, I would submit, and the district court was aware of this underlying theme to Mr. Sakers' claim, that is, that he made the claim. There's no reason to, the government's not trying to suggest that it wasn't a legitimate claim on his part, of his subjective reasons for not obeying a lawful court order, but there is no legal exception for him. People have all types of idiosyncratic reasons for not wanting to obey a court order to testify when immunity's been granted, and it's an affront to the court, I would submit, when a defendant says. But what is the tie-in? Sorry, I'm going back to this again, though. What's the tie-in? I understand the position for obstruction of justice, understand it very clearly. He's refusing to testify under a court order. How do you tie that into his own acceptance of responsibility? That's what I'm struggling with. I mean, I agree with you, it's a very deferential standard of review here, but every argument that you've made goes towards the obstruction of justice. As far as I can tell, you can't point to anything in the record that says he didn't accept his own responsibility. Well, first, the commentary, the guidelines, Your Honor, I would submit, respectfully submit when a defendant's offense level has been increased for obstruction, quote, it ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. That's note 4 of 3E1.1. So just the guidelines themselves suggest that. And then the Hopper case, which — But it seems to me that, and I'm not convinced yet that this does fit within the exception, but there are exceptions, and this comes close to it, it seems to me, because the quote you read, I think, is that in the ordinary course, usually when you're hit with obstruction of justice, it's because you're doing something to impede the investigation of you as a defendant. As I understand it, that's not what he did here. He was held or found obstructing justice or held in contempt or didn't comply with the court order because he wasn't willing to testify against someone else. And so I'm trying to figure out how to tie that refusal to testify against someone else into acceptance of his personal responsibility. Your Honor, first I would suggest that under the Morales case, where this court dealt with, it's essentially on all four corners with the situation here as far as obstruction, and I think it ties in with the acceptance as well. When a defendant has been given immunity and compelled to give testimony in a co-conspirator, co-defendant's case, obstruction applies. And here, in this case, if a defendant shows that their case is extraordinary, the Hopper case says, and those cases involve granting acceptance only if the defendant, those are my words and these are the words from the case, abandons all attempts to obstruct justice. That's from the Hopper case. Here I would submit how can there, there cannot be an abandonment of all attempts to obstruct justice when a defendant is disobeying a lawful court order that he's been compelled to testify at a trial. So that's the distinction I would submit, Your Honor. I see my time. I have 16 seconds, unless there are any other questions that the court may have. There are only five. No questions. Okay. Thank you. You have a few seconds left. In the 45 seconds I have left, I'd like to say the following things. To make clear, first of all, the Hopper decision, they would not address. The government didn't address in their briefs. It made it more difficult for me to reply to that because they just didn't want to talk about it, which is what they did here. They really struggled with it. Second of all, my client did testify in the trial against the co-defendant. He got up and said, I did this, I did that. He did say, I grew up with this man. Any time they said, who's the other guy with you on that video, I'm not going to implement anybody else. So he did testify to his involvement. Lastly, the right at pronouncing sentence, the district court stated, Mr. Sakers freely admitted his own conduct and role in the crime, and his testimony was cooperative, not rude. The district court further noted, Mr. Sakers has demonstrated remorse, and he is apologetic, and he has, in fact, apologized to the victims today. If there are no other questions, I'd submit it and ask for him to receive acceptance or responsibility. The case of the United States v. Fidel Sakers is submitted.
judges: Gould, Ikuta, Nelson